UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:22-CR-47-DCR

UNITED STATES OF AMERICA,                                                         PLAINTIFF,

V.                          MAGISTRATE JUDGE'S
                    REPORT AND RECOMMENDATION
                               AND ORDER

ERICH MATHES STORCK,                                                              DEFENDANT.

 

The defendant previously provided notice of his intent, pursuant to Rule 12.2, to present evidence at trial of insanity at the time of the offenses alleged in the indictment, and concern regarding competency to proceed to trial. [R. 19]. In response, the Court granted both motions and directed that a custodial evaluation pursuant to 18 U.S.C. §§ 4241 and 4242 be conducted by an evaluator with the Bureau of Prisons to address both issues. [R. 22, 27]. The evaluations occurred, as ordered by the Court, and all parties received the resulting forensic reports issued by licensed BOP forensic psychologist. In the competency report, the evaluator opines that Storck is competent for trial purposes.

The Court scheduled a competency hearing as required under 18 U.S.C. § 4747, to address the issue of current competency. At the hearing, the parties appeared with counsel, and stipulated to admissibility of the Reports, to the Reports' findings, and to the evaluator's qualifications.

Section 4241 provides that for a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 80 S.

1

Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing Section 4247(d) for hearing procedure).

Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States, though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

In the Report, the evaluator thoroughly analyzed Defendant's history, behavior, course of evaluation, and testing performance. The evaluator personally observed Storck during direct interview, subjected him to psychological testing, and reviewed supplemental information, including legal and other records, to assist in the evaluation. In addition, the evaluator and/or the facility screened for any relevant medical issues.

The Report is a comprehensive assessment of Defendant's history, condition, and circumstances. The evaluator opined that Storck's symptoms were not severe enough to constitute a diagnosis of a mental disease or defect and are not symptoms sufficient to preclude his competence to proceed in this action. Specifically, the evaluator found that Storck does not currently have a mental disease or defect which would have an adverse impact on his ability to proceed with this legal case, including sentencing.

The evaluator determined that Storck is competent no and was competent at the time of the alleged offenses, stating that there are no concerns surrounding his factual understanding of the proceedings. Storck demonstrated the ability to retain legal and court concepts and apply those concepts to his own case in a rational manner. Finally, the evaluator highlighted how he may assist in his own defense. The Report's competency opinion stands unrebutted. Defense counsel provided no observations to conflict with the Report's competency conclusion. Further, the Court has not independently observed behavior that conflicts with the evaluator's conclusions.

THEREFORE, the Court finds no evidence to support a conclusion that Defendant is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, according to § 4241(a), Defendant is able to understand the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that the District Judge find Erich Mathes Storck competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within

fourteen (14) days of service of this Recommended Disposition. However, upon questioning at the hearing, Storck, by and through counsel stated his intention to waive any objections. Further the United States consented to a shortened objection period of THREE BUSINESS DAYS. The parties are further informed that failure to object per Rule 59(b) waives a party's right to seek further review.

This the 5th day of December 2022.



Signed By:
*Edward B. Atkins* £BA
United States Magistrate Judge